UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

EVAN JOHNSON,

                              Plaintiff,

      -against-

THE CITY OF NEW YORK, POLICE OFFICER SHANE
BOLIN, shield # 7768, POLICE OFFICER IVANOVIC
GOMEZ, shield # 17251, SERGEANT SCOTT MORRIS,
shield # 0953, POLICE OFFICERS JOHN DOES 1-3,

                              Defendants.

**COMPLAINT**

11 Civ. 8881 (KBF)

Jury Trial Demanded

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1. Plaintiff brings this civil rights action against the City of New York and several New York City Police Officers of the 47th Precinct alleging that, on June 14, 2011, in the Bronx, defendants violated his rights under 42 U.S.C. § 1983, the Fourth and Sixth Amendments to the United States Constitution and New York state law by falsely arresting him for possession of narcotics, denying him a fair trial and maliciously prosecuting him.  The false charges were dismissed on October 4, 2011.  Plaintiff seeks compensatory and punitive damages, attorney's fees and costs and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Sixth Amendments to the United States Constitution.  Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3. Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide his New York state law claims false arrest, malicious

prosecution and vicarious liability which form part of the same case and controversy as his federal claims under Article III of the United States Constitution.

    4.    Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to plaintiff's claims occurred in this District and because some or all of the defendants reside in this District.

## JURY TRIAL

    5.    Pursuant to Fed. R. Civ. P. 38, plaintiff demands a jury trial.

## NOTICE OF CLAIM

    6.    With respect to plaintiff's state law claim of malicious prosecution against the defendants, a notice of claim was duly filed with the City of New York within 90 days of the dismissal of the criminal charges, more than 30 days have elapsed since such filing and the City has not offered to settle plaintiff's malicious prosecution claim.

    7.    No notice of claim is required for plaintiff's state law claim of false arrest brought against the individual defendant police officers because the claim alleges intentional conduct.  In suits against municipal or county employees, as opposed to suits against municipalities or counties themselves, "service of the notice of claim upon the public corporation shall be required only if the corporation has a statutory obligation to indemnify such person under this chapter or any other provision of law."  N.Y. Gen. Mun. Law § 50-e(1)(b).  Although a municipality is required to "indemnify and save harmless its employees in the amount of any judgment obtained against such employees in any state or federal court, ... the duty to indemnify and save harmless ... shall not arise where the injury or damage resulted from intentional wrongdoing or recklessness on the part of the employee." N.Y. Gen. Mun. L. § 50-k(3).

## PARTIES

8. Plaintiff is a United States citizen who resides in Yonkers.

9. The City of New York is a municipal corporation organized under the laws of the State of New York

10. The individual defendants are members of the New York City Police Department ("NYPD").  The defendants were acting under color of state law and their capacities as members of the NYPD at all relevant times.  The defendants are sued their individual capacities.

## STATEMENT OF FACTS

11. On October 14, 2011, plaintiff, after completing some shopping, ran into his friend Johnny Rodriquez, who was in his car, and asked for a ride home.

12. At approximately 4:45 p.m., in the vicinity of 3474 Boston Road in the Bronx, the defendant police officers, who were driving in an unmarked car, stopped Rodriguez's vehicle.  Plaintiff was sitting in the passenger seat.

13. The defendants claimed to have found cocaine and marijuana hidden in the car and on Rodriguez's person.

14. The narcotics were not in plain view, plaintiff did not know that Rodriguez had narcotics in the vehicle or on his person, and plaintiff was never in actual or constructive possession of the narcotics.

15. The defendants arrested plaintiff and Rodriguez despite the fact that the defendants lacked probable cause to believe that plaintiff had committed a crime.

16. The defendants had plaintiff and Rodriguez taken to the 47th Precinct.

17. While plaintiff was held in the precinct, plaintiff's designated arresting officer, Officer Bolin, with the knowledge and approval of the other defendants, falsely charged plaintiff with possession of narcotics.

18. The aforesaid allegations were false and were asserted so that plaintiff would be prosecuted for a crime he did not commit and so defendants could earn overtime compensation and enhance their arrest records.

19. Defendants eventually had plaintiff taken to Bronx Central Booking.

20. Before plaintiff's arraignment, Officer Bolin, with the knowledge and approval of the other defendants, misrepresented to the Bronx County District Attorney's Office that plaintiff was found in possession of narcotics.

21. As a result of this misrepresentation, criminal proceedings were instituted against plaintiff.

22. Approximately 24 hours after his arrest, plaintiff was arraigned in Bronx County Criminal Court, released on his own recognizance and ordered to return to court.

23. The false charges were dismissed during a court appearance on October 4, 2011.

24. Plaintiff suffered damage as a result of defendants' actions. Plaintiff suffered an unlawful detention, emotional distress, fear, anxiety, humiliation, and loss of his job at Arctic Glacier.

## FIRST CLAIM
### (FALSE ARREST)

25. Plaintiff repeats the foregoing allegations.

26. At all relevant times, plaintiff did not commit a crime or violation.

27. Despite plaintiff's innocence, the defendants arrested plaintiff or failed to intervene to prevent his false arrest.

28. Accordingly, the defendants are liable to plaintiff under the Fourth Amendment for false arrest.

## SECOND CLAIM

### (DENIAL OF A FAIR TRIAL)

29. Plaintiff repeats the foregoing allegations.

30. Defendants misrepresented to the Bronx County District Attorney's Office that plaintiff had committed a crime.

31. Defendants' misrepresentations deprived plaintiff of liberty in that he was required to make court appearances after her arraignment.

32. Accordingly, the defendants are liable to plaintiff under the Sixth Amendment for denying him a fair trial.

## THIRD CLAIM

### (MALICIOUS PROSECUTION)

33. Plaintiff repeats the foregoing allegations.

34. Defendants maliciously misrepresented to the Bronx County District Attorney's Office that plaintiff had committed a crime and commenced a criminal case against him.

35. Defendants' motivation was to have plaintiff prosecuted for a crime he did not commit, to obtain overtime compensation and to increase their arrest numbers.

36. Defendants' misrepresentations deprived plaintiff of liberty in that he was required to make court appearances after his arraignment.

37. The criminal case filed against plaintiff was ultimately dismissed.

38. Accordingly, the defendants are liable to plaintiff under the Fourth Amendment for malicious prosecution.

### FOURTH CLAIM

### (FAILURE TO INTERVENE)

39. Plaintiff repeats the foregoing allegations.

40. Defendants had a reasonable opportunity to prevent the violations of plaintiff's constitutional rights, but they failed to intervene.

41. Accordingly, the defendants are liable to plaintiff under the Constitution for not intervening to prevent the violation of plaintiff's federal rights.

### FIFTH CLAIM

### (*MONELL* CLAIM AGAINST THE CITY OF NEW YORK)

42. Plaintiff repeats the foregoing allegations.

43. The City of New York is a "person" within the meaning of 42 U.S.C. § 1983.

44. The City of New York, through a policy, practice or custom, directly caused the constitutional violations suffered by plaintiff.

45. Upon information and belief, the City of New York, at all relevant times, was aware that the defendants and other members of the NYPD are unfit officers who have previously committed acts similar to those alleged herein, have a propensity for unconstitutional conduct and/or have been inadequately trained.

46. Several members of the NYPD have been arrested and convicted of crimes for making false allegations and for corruption.

47. Former NYPD Commissioner Bernard Kerik was convicted of corruption-related crimes in federal and state court and served time in federal prison.

48. In 2011, former NYPD narcotics officer Jerry Bowen was convicted of murder and attempted murder while under indictment for corruption.

49. In October 2011, former NYPD narcotics officer Jason Arbeeny was convicted in New York Supreme Court, Kings County, of planting drugs on two individuals and falsifying arrest reports.  Before issuing a verdict of guilty, the judge scolded the NYPD for what he described as a "widespread culture of corruption endemic in its drug units."  The judge further stated that the testimony demonstrated that the NYPD narcotics divisions maintain a "cowboy culture" and that he was "shocked, not only by the seeming pervasive scope of misconduct but even more distressingly by the seeming casualness by which such conduct is employed."

50. In *Colon v. City of New York,* Nos. 09 CV 8, 09 CV 9 (JBW), 2009 WL 4263362 (E.D.N.Y. November 25, 2009), the federal court stated that an "[in]formal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department."

51. Despite the above, the City exercised deliberate indifference by failing to take remedial action.  The City failed to properly train, retrain, supervise, discipline and monitor the defendants and other officers like them.

52. The City's failure to act resulted in the violation of plaintiff's constitutional rights as described herein.

## SIXTH CLAIM

### (FALSE ARREST UNDER STATE LAW)

53. Plaintiff repeats the foregoing allegations.

54. At all relevant times, plaintiff did not commit a crime or violation.

55. Despite plaintiff's innocence, the defendants arrested plaintiff or failed to intervene to prevent his false arrest.

56. Accordingly, the defendants are liable to plaintiff under New York state law for false arrest.

## SEVENTH CLAIM

### (MALICIOUS PROSECUTION)

57. Plaintiff repeats the foregoing allegations.

58. Defendants maliciously misrepresented to the Bronx County District Attorney's Office that plaintiff had committed a crime and commenced a criminal case against him.

59. Defendants' motivation was to have plaintiff prosecuted for a crime he did not commit, to obtain overtime compensation and to increase their arrest numbers.

60. The criminal case filed against plaintiff was ultimately dismissed.

61. Accordingly, defendants are liable to plaintiff under the New York state law for malicious prosecution.

## EIGHTH CLAIM

### (VICARIOUS LIABILITY CLAIM AGAINST CITY OF NEW YORK)

62. Plaintiff repeats the foregoing allegations.

63. The individual defendants were acting within the scope of their employment as members of the NYPD when they maliciously prosecuted plaintiff.

64. Accordingly, the City of New York is vicariously liable to plaintiff under New York state law for malicious prosecution.

WHEREFORE, plaintiff demands the following relief jointly and severally against the defendants:

a. Compensatory damages in an amount to be determined by a jury;

b. Punitive damages in an amount to be determined by a jury;

c. Attorney's fees and costs;

d. Such other and further relief as the Court may deem just and proper.

DATED: December 1, 2011

/s/
_____
RICHARD CARDINALE
Attorney at Law
26 Court Street, Suite # 1815
Brooklyn, New York 11242
(718) 624-9391

9